IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:11-246-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WILIBALDO MARTINEZ-VIVANCO | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 740). Seeking compassionate release, the defendant contends that his medical conditions, along with the threat of the ongoing COVID-19 pandemic, constitute an extraordinary and compelling reason for consideration of his immediate release.

The government has responded in opposition, arguing that the defendant has not shown an extraordinary and compelling reason for release. Additionally, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release. The defendant replied to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*,

836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

The government indicates that it has no evidence that the defendant has exhausted his his administrative remedies, but nevertheless does not raise exhaustion as a defense in this case. Thus, the court will proceed to the merits of the defendant's motion.

## PROCEDURAL HISTORY

Following two federal convictions for illegally entering the United States, the defendant was charged with and pleaded guilty to Count 1 of the Second Superseding Indictment which charged conspiracy to distribute and to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The Plea Agreement (ECF No. 315) contained a provision under Fed. R. Crim. P. 11(c)(1)(C) whereby the government and the defendant agreed that the appropriate sentence in this case was 180 months incarceration.

The Presentence Report (PSR) (ECF No. 535) prepared in connection with the sentencing revealed that the defendant had threatened to kill a witness, was an organizer or leader of the criminal operation, used a minor child to help facilitate the drug transactions, and was held accountable for 8,000 kilograms of marijuana. The defendant's Guideline sentence was thus life incarceration. His criminal history category was IV. This court accepted the defendant's stipulated sentence in the plea agreement and sentenced the defendant to 180 months, with 5 years of supervised release.

DISCUSSION

### I.  *The Defendant's Medical Conditions*

The mere existence of the COVID-19 pandemic—which poses a threat to every non-immune individual in the world—cannot independently provide a basis for a sentence reduction or justify compassionate release.  However, COVID-19 is certainly relevant to the court's analysis of a § 3582(c)(1)(A) motion for compassionate release.  If a defendant has a chronic medical condition that has been identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming seriously ill from COVID-19, it is possible that such medical condition could satisfy the extraordinary and compelling reasons standard.  As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Rather, the threshold questions are whether the defendant has a particularized risk of contracting COVID-19 in prison and whether his or her medical conditions render them particularly susceptible to severe illness or death should he or she contract the virus.  *See United States v. Youngblood*, 858 Fed. Appx. 96, 98 (4th Cir. 2021) (citing *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)).

In his motion (ECF No. 740), The defendant now seeks compassionate release citing his unusually long sentence, two claimed medical conditions, the proliferation of the COVID-19 pandemic, rehabilitation while incarcerated, and his desire to return to Mexico.  The defendant primarily contends that this medical conditions of a knee

6

injury and eye problems, coupled with the COVID-19 pandemic, necessitate his release.

As the government points out in its opposition memorandum, many of the defendant's allegations are inconsistent with his medical record. As to the defendant's knee problems, the BOP records reveal that it is aware of and treating his complaints of tenderness in his right knee. The medical records further show that he was seen by an orthopedic surgeon in November 2020, who recommended a steroid injection. The defendant was prescribed Naproxen, a non-steroid anti inflammatory for his knee pain. When the defendant's complaints persisted, the physician added a prescription for Acetaminophen to treat the tenderness. The defendant was also provided with a knee brace to reduce his pain. Simply stated, the defendant's contention that the BOP has ignored his knee condition is belied by the medical records on file.

The defendant also contends that his eye problem has left him blind. As the government points out that the BOP has carefully and professionally attended to all of the defendant's medical conditions and contends that even if the defendant has lost his vision, it is not related to the care he has received in prison. In fact, the BOP has treated the defendant for several conditions, including an ingrown toenail, and an elbow contusion.

II.  *Sentencing Different Today*

The defendant cannot plausibly argue that if he were sentenced today, his sentence would be substantially different. As indicated above, the Guideline range commanded a life sentence which was substantially reduced to 15 years pursuant to the plea agreement. Thus, this argument is without merit.

### III. *Post Sentencing Conduct*

The defendant's disciplinary record while incarcerated is not good. He has been disciplined for refusing a work assignment, fighting with another person, phone abuse, possessing a hazardous tool, possessing an unauthorized item, failing to stand count, possessing an unauthorized item, and being absent from an assignment.

Thus, the defendant's argument that various educational and recreational courses he has completed while in BOP custody necessitate early release is outweighed by his negative disciplinary history.

The defendant includes in his motion the assertion that if released, he would not likely recidivate and he would return to his home country of Mexico. However, this court cannot ignore the fact that the defendant has entered this country illegally *twice before* committing the crime of conviction in this case.

## CONCLUSION

On this record, the court has little difficulty in concluding that the defendant has failed to establish an extraordinary and compelling reason for compassionate release. As a result, it is not necessary for the court to address the § 3553(a) factors. The motion (ECF No. 740) is respectfully denied.

IT IS SO ORDERED.

August 17, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge